**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

RONALD ANDREW HERNDON,

     Plaintiff-Appellant,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections; CARY SHAMES, Chief Medical Officer; CORRECTIONS CORPORATION OF AMERICA (CCA); CORRECTIONAL MEDICAL SERVICES (CMS); BENT COUNTY CORRECTIONAL FACILITY (BCCF); CROWLEY COUNTY CORRECTIONAL FACILITY (CCCF); DEL LE COUNT, Health Services Administrator; J.G. SUTTON, Medical Doctor; and DR. NEECE, Medical Doctor,

     Defendants-Appellees.

No. 06-1144
(D.C. No. 05-cv-2532-ZLW)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ronald Andrew Herndon, a *pro se* state prisoner,[1] brought a complaint in the district court asserting a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. The district court dismissed his claims for failure to demonstrate exhaustion of administrative remedies. We vacate the district court's order and remand for further consideration.

Mr. Herndon, a Colorado state prisoner, filed a complaint in district court alleging he was provided constitutionally inadequate medical care while incarcerated. The court noted that prisoners must exhaust administrative remedies before challenging prison conditions in federal court. *See* 42 U.S.C. § 1997e(a). The court then cited our holding in *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), which requires that prisoners demonstrate exhaustion in their complaint by "either attach[ing] copies of administrative proceedings or describ[ing] their disposition with specificity." As required by the district court, Mr. Herndon provided copies of filed grievances, but the court concluded these forms either did not include his present claims or were not timely filed. Rec., vol. I, doc. 8 at 4. Citing our discussion in *Ross v. County of*

_____

[1]Because he is proceeding pro se, we review Mr. Herndon's filings liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004), the court also noted that Mr. Herndon had failed to comply with the total exhaustion rule because he clearly had not exhausted his equal protection claim. *Id.* The court dismissed the complaint for "failure to exhaust administrative remedies." *Id.* at 6. *See also id.* doc. 13 at 3 (denying motion to reconsider).

The Supreme Court recently held failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is an affirmative defense and not a pleading requirement. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). It also held that a total exhaustion rule is not permissible. *Id.* at 924. We have since recognized that *Jones v. Bock* overruled the pleading requirement outlined in *Steele*, as well as the total exhaustion rule set forth in *Ross*, the bases for the district court's dismissal of Mr. Herndon's complaint. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (recognizing *Jones* overruled *Steele*); *Freeman v. Watkins*, 479 F.3d 1257, 1259-60 (10th Cir. 2007) (same re *Ross*). As we said in *Freeman*, "it is no longer appropriate for the district court to require an affirmative showing of exhaustion at this stage of the case." *Id.* at 1260.

Because Mr. Herndon demonstrated the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997), we **GRANT** his request to proceed *ifp*. In light of the recent rulings discussed above, we **VACATE** the district court's order and judgment of dismissal, and

**REMAND** to the district court for further proceedings.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge