F I L E D
United States Court of Appeals
Tenth Circuit

March 16, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RUSSELL E. FREEMAN,

                Petitioner-Appellant,

    v.

GARY WATKINS, Fremont
Correctional Facility Warden,
GLORIA MASTERSON, Fremont
Correctional Facility Associate
Warden, MICHAEL CLARK, Fremont
Correctional Facility Corrections
Officer, Rec, LISA LEHN, Fremont
Correctional Facility Lieutenant,
CHARLES TAPPE, Fremont
Correctional Facility Hearing Officer,
BRIAN BRADEN, Fremont
Correctional Facility Life Safety
Coordinator, CHUCK DONLEY,
Fremont Correctional Facility Captain,
MARIA BORK, Fremont Correctional
Facility Corrections Officer, DONNIE
McCLURE, Fremont Correctional
Facility Corrections Officer, DARRYL
DIRECTO, Fremont Correctional
Facility Lieutenant, BETTY RIGGIN,
Fremont Correctional Facility
Lieutenant, JOHN CARROLL,
Fremont Correctional Facility Case
Manager III, ROBERT LEWIS,
Fremont Correctional Facility Case
Manager, LARRY REID, Colorado
State Penitentiary Warden, CATHIE
SLACK, Colorado State Penitentiary
Associate Warden, JOE ORTIZ,

No. 06-1394

Colorado Department of Corrections Executive Director, LIEUTENANT DEPPE, Fremont Correctional Facility Lieutenant, CATHIE HOLST, Department of Correction Law Librarian, CHARLES GIGANTE, Fremont Correctional Facility Captain, ROBERT ALLEN, Fremont Correctional Facility Associate Warden, ANGEL MEDINA, Colorado State Penitentiary Security Major, and ANY AND ALL OTHER JOHN DOES, severally and jointly in their official capacity,

Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO (D.C. NO. 06-CV-405-Z)**

---

Russell E. Freeman, appearing pro se.

---

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[*]

---

**TYMKOVICH**, Circuit Judge.

---

[*] After examining appellant's brief and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Russell E. Freeman, a Colorado state prisoner, files this *pro se* appeal of the district court's dismissal of his civil rights case. In his 42 U.S.C. § 1983 complaint, Freeman asserted six violations of his constitutional rights: (1) denial of due process in connection with three disciplinary convictions, (2) cruel and unusual punishment based on the conditions of his confinement, (3) retaliation by the defendants, (4) unequal treatment based on his ethnic origin, (5) deprivation of personal property, and (6) denial of access to courts.

A magistrate judge ordered Freeman to file an amended complaint alleging specific facts (1) supporting the claims he is asserting, (2) demonstrating how each defendant personally participated in the alleged constitutional violations, and (3) clarifying how he has exhausted the administrative remedies for each claim. Although Freeman's amended complaint sufficiently complied with the magistrate judge's first two requirements, he failed to demonstrate that he exhausted administrative remedies for all of his claims. The district court found that Freeman properly exhausted remedies on his first claim—the validity of disciplinary convictions, but failed to do so on his remaining five claims. Because Freeman failed to comply with our "total exhaustion" requirement for prisoner § 1983 claims, the district court then dismissed the complaint and the entire action without prejudice.

Freeman appeals the district court's determination. As he proceeds *pro se*, we construe his pleadings liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th

Cir. 1998). In this appeal, Freeman argues that the district court erred in (1) applying the total exhaustion requirement to his § 1983 action; (2) raising the exhaustion requirement sua sponte, holding that it is not an affirmative defense, and placing the burden of establishing it on Freeman; (3) divesting itself of subject matter jurisdiction based on the failure to exhaust; (4) finding that Freeman did not exhaust his available remedies; and (5) denying his motion for leave in forma pauperis (IFP).

Under the prior precedent of this circuit, Freeman's claims would have been unavailing. In *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004), we construed the Prison Litigation Reform Act (PLRA) to append a "total exhaustion" requirement to § 1983 actions. Section 1997e(a) of Title 42 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . until such administrative remedies as are available are exhausted." We interpreted this to require a prisoner to exhaust remedies on all his claims or face dismissal. Thus, if a prisoner submits a complaint containing one or more unexhausted claims, the district court must generally dismiss the entire action without prejudice. *Id.*

Next, in *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003), we parted company with those circuits interpreting § 1997e(a)'s exhaustion requirement as an affirmative defense. *See, e.g., Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). Rather, we concluded that § 1997e(a)

-4-

charged prisoners with the burden of pleading exhaustion and a complaint "that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele*, 355 F.3d at 1210. Consequently, prisoners must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Failure to so plead or demonstrate exhaustion would foreclose litigation of the claims. The purpose of these two practices was to reduce the burden of prisoner litigation on the courts and was consistent with the PLRA's mandate to judicially screen frivolous prisoner suits.

Nevertheless, during the pendency of Freeman's appeal, the Supreme Court handed down a decision which effectively overruled both *Ross* and *Steele*. In *Jones v. Bock, Warden*, 127 S. Ct. 910 (2007), the Court resolved the circuit splits surrounding these two issues and (1) found "that the failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints," *id.* at 921, and (2) specifically abrogated the "total exhaustion" requirement, *id.* at 923–26.

In concluding that exhaustion is an affirmative defense to be asserted and pleaded by defendants, the Court noted that under the Federal Rules of Civil Procedure practice a complaint requires only a "short and plain statement of the claim," Rule 8(a), and exhaustion is usually treated as an affirmative defense, Rule 8(c). *Id.* at 919. The Court reasoned that, without specific leave from the

PLRA, "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." *Id*.

The Court also disagreed with our interpretation of § 1997e(a)'s "no action shall be brought" in *Ross*. While we construed "no action" to mean a prisoner's entire case should be dismissed if it contained any unexhausted claim, the Court found this to be only "boilerplate language." *Id*. at 924. Instead, it found that "statutory references to an 'action' have not typically been read to mean that every claim included in the action must meet the pertinent requirement before the 'action' may proceed." *Id*. Furthermore, the Court dismissed our policy argument that total exhaustion furthers the PLRA's screening purpose. *See Ross*, 365 F.3d at 1190. On the contrary, the Court felt the rule could lead prisoners into filing separate suits with varying claims to avoid the harsh results of the "total exhaustion" requirement. *Jones*, 127 S. Ct. at 925–26. Accordingly, the Court mandated, "if a complaint contains both good and bad claims, . . . court[s] proceed[] with the good and leave[] the bad." *Id*. at 924.

Since *Jones* overrules *Steele* and *Ross*, we have no choice but to reverse the district court's order dismissing Freeman's action. *See Acquilar-Avellaveda v. Terrell*, No. 06-3334, 2007 WL 646150 at *2 (10th Cir. Mar. 5, 2007) ("*Steele* is no longer good law."). Freeman no longer has the duty of pleading exhaustion, and therefore it is no longer appropriate for the district court to require an

affirmative showing of exhaustion at this stage of the case.  As *Jones* makes clear, exhaustion is an affirmative defense and defendants now have the burden of asserting the failure to exhaust in their response pleadings.

As we found in *Acquilar-Avellaveda*, this holding does not wholly foreclose the district court's ability to raise sua sponte the exhaustion requirement.  If it is clear on the face of Freeman's complaint that he had not exhausted his administrative remedies, then the district court properly may raise the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from Freeman.  *Acquilar-Avellaveda*, 2007 WL 646150 at *2.  Nevertheless, we caution that "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Id.*  Our decision today does not reach whether Freeman's complaint is susceptible to a sua sponte order to present information on exhaustion.

Since we vacate the district court's findings on the issue of exhaustion in their entirety, we need not consider Freeman's other exhaustion-related claims.

Finally, Freeman claims the district court failed to supply the reasons for denying his IFP motion in violation of Federal Rule of Appellate Procedure 24(a)(2).  Rule 24(a)(2) states, "[i]f the district court denies the motion [to

proceed in forma pauperis], it must state its reasons in writing." In its order denying Freeman's IFP motion, the district court held that Freeman's "appeal is not taken in good faith because Plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." While we would ordinarily find such an explanation sufficient to satisfy Rule 24(a)(2), in this case, we grant Freeman's renewed IFP motion because the district court's conclusion likely rested on our now-superceded precedent.

Consistent with the reasons set forth above, we VACATE the district court's decision and REMAND for further proceedings in accordance with *Jones v. Bock*. We further GRANT Freeman's renewed IFP motion and remind him that he is obligated to make partial payments on the filing fee until the entire fee has been paid.