**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT W. ROSBERG, JR.,

      Plaintiff-Appellant,

v.

JOE ORTIZ, Executive Director,
CDOC; GARY WATKINS, Warden,
Fremont Corr. Fac.; DR. CHARLES
OLIN, Dir. Mental Health Svcs., FCF;
RONALD WILKES, Captain/Laundry
Supervisor, FCF; and MATT GOMEZ,
Sgt./Laundry Supervisor, FCF,
individually and in their official
capacities,

      Defendants-Appellees.

No. 06-1278
(D.C. No. 05-cv-02498-ZLW)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert W. Rosberg, Jr., a *pro se* state prisoner,[1] brought a complaint in the district court asserting a violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The district court dismissed his claims for failure to demonstrate exhaustion of administrative remedies. We vacate the district court's order and remand for further consideration.

Mr. Rosberg, a Colorado state prisoner, filed an action in district court alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The court noted that prisoners must exhaust administrative remedies before challenging prison conditions in federal court. *See* 42 U.S.C. § 1997e(a). The court then cited our holding in *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), which requires that prisoners demonstrate exhaustion in their complaint by "either attach[ing] copies of administrative proceedings or describ[ing] their disposition with specificity." The court held Mr. Rosberg "failed to exhaust the [Colorado Department of Correction]'s grievance procedure," and dismissed his action on those grounds. Rec., vol. I, doc. 14 at 3. *See also id.* doc. 16 (denying Mr. Rosberg's motion to reconsider).

The Supreme Court recently held failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is an affirmative defense and not a pleading requirement. *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). We have since

---

[1]Because he is proceeding pro se, we review Mr. Rosberg's filings liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

recognized that *Jones* overruled the pleading requirement outlined in *Steele*, the basis for the district court's dismissal of Mr. Rosberg's complaint. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). As we said in *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), "it is no longer appropriate for the district court to require an affirmative showing of exhaustion at this stage of the case."

Because Mr. Rosberg has demonstrated the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997), we **GRANT** his request to proceed *ifp*. In light of the recent rulings discussed above, we **VACATE** the district court's order and judgment of dismissal, and **REMAND** to the district court for further proceedings.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge