**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 11, 2007**

**TENTH CIRCUIT**

SHAWN RIVERA,

      Plaintiff-Appellant,

v.

LT. FRANK NELSON; GARRY
PITTMAN; LT. PERFECTO HIJAR;
LT. REYES MARTINEZ; RICHARD
MEDINA, CM; DIANA SHAUFLER,
CM; WILLIAM SCRUGGS, CM;
TOM LOPEZ,

      Defendants-Appellees.

No. 06-1344

(D.C. No. 05-CV-00300-WDM-MEH)

(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

In this pro se state prisoner § 1983 appeal, Plaintiff alleges that he was

assaulted by a prison guard and subsequently subjected to disciplinary charges

arising out of the incident. The matter was referred to a magistrate judge, who

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

relied on *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003), and *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004), for the respective propositions that "[e]xhaustion is a pleading requirement, rather than an affirmative defense" (Doc. # 93 at 6) and that the "total exhaustion rule" requires dismissal where some claims are exhausted but others remain unexhausted (*id.* at 11). The district court adopted this section of the magistrate judge's report and recommendation and therefore dismissed Plaintiff's suit without prejudice.[1]

Defendants appropriately concede that *Jones v. Bock*, --- U.S. ----, 127 S. Ct. 910, 925-26 (2007), did away with the total exhaustion requirement. *See also Freeman v. Watkins*, 479 F.3d 1257, 1259 (10th Cir. 2007). Of course, *Jones* also overruled *Steele* by concluding that exhaustion is an affirmative defense. Thus, the district erred in adopting these aspects of the magistrate judge's report and recommendation. Accordingly, we **REVERSE** and **REMAND** the district court's dismissal of this action for a reexamination consistent with *Jones*. We note our recent clarification in *Roberts v. Barreras*, --- F.3d ----, 2007 WL 1113956 (10th Cir. Apr. 16, 2007), of the burden of proof associated with the exhaustion

---

[1] The magistrate judge also addressed the motion for summary judgment brought by Defendant Nelson, the only defendant against whom Plaintiff adequately exhausted his claim for excessive force. The district court, however, denied as moot Defendant Nelson's motion for summary judgement given its dismissal for lack of total exhaustion in accordance with *Ross*. Therefore, no aspect of that motion is before this court on appeal.

affirmative defense.

Lastly, we **GRANT** Plaintiff's request for *in forma pauperis* status for purposes of this appeal.

Entered for the Court



Monroe G. McKay
Circuit Judge
