**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN CHARLES GAUTHIER,

Plaintiff-Appellant,

v.

BILL REYNOLDS, Warden's
Assistant at H.M.C.C.; HASKELL
HIGGINS, Warden; SCOTT
MEACHAM, State Finance Director;
RON WARD, Director, D.O.C.;
JIM RABON, Administrator of
D.O.C.; DAVID HENEKE, Director,
Board of Corrections; VIC D.
WILLIAMS, D.O.C. Correctional
Officer,

Defendants-Appellees.

No. 06-7049
(D.C. No. 05-CV-268-FHS-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

John Charles Gauthier, a recently paroled state prisoner proceeding *pro se*, appeals the district court's dismissal of his civil rights case.[1]  In his 42 U.S.C. § 1983 complaint, Gauthier asserted that defendants had violated his rights by taking various actions against him, including, but not limited to, confiscating his legal materials, demoting him and transferring him from a correctional center to the Oklahoma State Prison, unconstitutionally retaliating against him for his litigation activities, reducing his earned credits, denying him access to a law library that he also alleges was inadequate, and unreasonably and illegally depleting his prison trust fund.  The district court dismissed Mr. Gauthier's complaint after finding that he had "failed to make any viable argument that he has exhausted his administrative remedies as to all of his claims."  R. doc. 45 at 4-5.

At the time of the district court's May 2006 ruling, precedent in this circuit required a prisoner to plead exhaustion with specificity or face dismissal of his complaint under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA).  *See Steele v. Fed. Bur. of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).  We later clarified that this exhaustion requirement mandated total exhaustion of every claim alleged in a complaint.  *Ross v. County of Bernalillo*,

---

[1]      The district court granted Mr. Gauthier's motion to proceed on appeal *in forma pauperis* under 28 U.S.C. § 1915.  We remind Mr. Gauthier that he must continue making payments on his appellate filing fee until the entire balance is paid.

365 F.3d 1181, 1190 (10th Cir. 2004). Thus, a district court was required to dismiss in its entirety a prisoner complaint containing one or more unexhausted claims. *Id.*

Because the Supreme Court in *Jones v. Bock*, 127 S. Ct. 910, 921, 923-24 (2007), rejected the rulings in both *Steele* and *Ross*, neither the pleading requirement of *Steele* nor the total-exhaustion requirement of *Ross* remains good law. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (acknowledging overruling of *Steele*); *Freeman v. Watkins*, 479 F.3d 1257, 1259 (10th Cir. 2007) (acknowledging overruling of both *Steele* and *Ross).*

In some rare cases, the district court may be able to discern from the face of a complaint that a prisoner has failed to exhaust administrative remedies and that he has no legitimate reason for failing to exhaust. *Aquilar-Avellaveda*, 478 F.3d at 1225. We have reviewed Mr. Gauthier's complaint, *see* R. tab 1, and find it unclear as to whether he has satisfied PLRA's exhaustion requirement as to all of his claims or whether particular circumstances excuse compliance. On remand, defendants, who have the burden of proof on the exhaustion issue, may choose to raise exhaustion as an affirmative defense. *Roberts v. Barreras*, No. 05-2373, 2007 WL 1113956, at *4, *7 (10th Cir. Apr. 16, 2007).

Accordingly, we REVERSE and VACATE the district court's order dismissing Mr. Gauthier's complaint and REMAND to the district court for further consideration in accordance with *Jones v. Bock* and this order and judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge