**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL MILLIGAN,

         Petitioner-Appellant,

v.

BILL REED, NATHAN ALGIEN,
JOHN DOE, and ENDRE SAMU, in
their individual capacities,

         Respondents-Appellees.

No. 07-1024

(D. of Colo.)

(D.C. No. 06-cv-911-ZLW-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Michael Milligan, proceeding pro se, appeals the district court's dismissal

of his 42 U.S.C. § 1983 and 28 U.S.C. § 1343 action, generally alleging

retaliation and violations of his First and Eighth Amendment rights. Milligan

originally filed a pro se complaint, an amended complaint, and a supplemental

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

complaint. On July 12, 2006, the district court ordered Milligan to file a second amended complaint using a court-approved form. Milligan complied with that order, but on September 11, 2006, a magistrate judge filed an order to show cause requiring Milligan to establish why the second amended complaint should not be dismissed for failure to exhaust administrative remedies.

After reviewing Milligan's response, the district court then determined that Milligan failed to complete grievance procedures for three of his seven claims. Based on our prior precedent requiring that a prisoner demonstrate exhaustion of administrative remedies for every claim in a complaint, the district court dismissed Milligan's second amended complaint. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209–10 (10th Cir. 2003) (holding prisoners have the burden of pleading exhaustion) and *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) (holding prisoner must exhaust remedies on all claims presented). The district court also denied Milligan's motion to reconsider and motion for leave to proceed *in forma pauperis*, ruling that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

We recently recognized that the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), overruled both *Steele* and *Ross*. *See Freeman v. Watkins*, 479 F.3d 1257 (10th Cir. 2007). Accordingly, Milligan need not show in his complaint that he has administratively exhausted his claims. *See Jones*, 127 S. Ct. at 921. Rather, defendants should now raise failure to exhaust as an

affirmative defense.  *See id.*  Furthermore, Milligan may proceed on his exhausted claims even if he has not exhausted others.  *See id.* at 923–26.

In light of the foregoing discussion, we VACATE the district court's decision and REMAND for further proceedings in accordance with *Jones v. Bock*. We further grant Milligan's renewed motion for leave to proceed *in forma pauperis*.  We remind Milligan of his obligation under this decision to continue making partial payments on the filing fee until the entire fee has been paid.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge