**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REGINALD D. HODGES,

　　　　Plaintiff-Appellant,

v.

CITY & COUNTY OF DENVER,

　　　　Defendant-Appellee.

No. 07-1011

(D. of Colo.)

(D.C. No. 06-cv-1834-ZLW)

**ORDER AND JUDGMENT** [*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges. [**]

　　　　Reginald D. Hodges brought a civil rights action under 42 U.S.C. § 1983 against the City & County of Denver and unnamed employees of the County Jail. He asserted various violations of the Eighth Amendment's prohibition on cruel and unusual punishment including such allegations as (1) a "homing device" placed in his body during a June 2003 appendectomy, and (2) threats of sexual

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

assault against his family, close friends, and his "manhood" because jailers "pass[ed] out sex to everybody but me." Doc. 7 & 8; Aplt. Opening Brief at 2. These actions allegedly occurred in retaliation for Hodges catching jail staff in sexual acts.

The magistrate judge recommended Hodges file an amended complaint to clarify his allegations as he failed to assert personal jurisdiction by properly naming individual defendants and failed to exhaust his administrative remedies by either attaching copies of administrative proceedings or describing with specificity the disposition of the proceedings that pertain to his claims. The magistrate judge also informed Hodges that municipalities and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff, *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 694 (1978), and that to state a claim Hodges must demonstrate (1) the existence of a municipal policy or custom, which (2) directly caused the injury alleged. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)). Hodges filed his amended complaint based on the magistrate judge's recommendation. [Order & Judgment at 1-2].

The district court dismissed the amended complaint. Hodges again failed to identify a policy or custom on the part of the City & County of Denver that led to any injury. The amended complaint also failed to identify any other defendants by name or occupation. Hodges merely identified "A Lot of the Defendants were

Stash from my Site" as additional named defendants to his amended complaint.
Doc. 8. These vague assertions do not satisfy the notice pleading requirements of
the Federal Rules of Civil Procedure.

Finding the City and County of Denver as the only possible defendant, and
since Hodges failed to assert arguable claims against the City, the district court
determined Hodges's claims were legally frivolous pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i) and dismissed his complaint. The district court noted that
Hodges also failed to demonstrate exhaustion of his claims through administrative
remedies, but ultimately chose to dismiss based on legal frivolity without first
requiring exhaustion of remedies under 42 U.S.C. § 1997e(c)(2).[1] Finally, the
district court denied Hodges's motion to proceed without prepayment of his
appellate filing fee.

Hodges renews his motion to proceed without prepayment of the appellate
filing fee and appeals the district court's dismissal of his cause of action. We
review a § 1915(e)(2)(B) dismissal de novo, taking the allegations in the

---

[1] Between the district court decision and our review, a decision of the
United States Supreme Court changed circuit rules regarding exhaustion under the
Prison Litigation Reform Act (PLRA). "[F]ailure to exhaust is an affirmative
defense under the PLRA [so] inmates are not required to specially plead or
demonstrate exhaustion in their complaints." *Freeman v. Watkins*, 479 F.3d 1257,
1259 (10th Cir. 2007) (quoting *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).
Therefore, Hodges's claims could not be dismissed on exhaustion grounds.

complaint as true.[2] *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). For the same reasons, we agree with the district court finding of frivolity. Hodges has only named the City & County of Denver as defendant, but has failed to allege a policy or custom as required to establish § 1983 liability for a municipal entity. Without providing any legally arguable claims against the defendant, his claim is frivolous.[3]

We AFFIRM the dismissal of Hodges's § 1983 claims. We also DENY Hodges's motion to proceed *in forma pauperis* on appeal and order him to pay the full amount of the filing fee. We remind him of his obligation to pay the filing fee even on an appeal that has been dismissed. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

[2] We agree with the district court that "the claims that Plaintiff raises [here] appear to be incredible," Order & Judgment at 2, but even assuming their possibility, Hodges has stated no claim for relief.

[3] Hodges added the Denver Sheriff Department as a party to his appeal, but as the Department was not a party to his initial or amended claims before the magistrate judge and district court, he may not add them on appeal.