**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 8, 2007**

**FOR THE TENTH CIRCUIT**

RONNIE LEE RAILE,

     Plaintiff-Appellant,

  v.

JOE ORTIZ (Executive Director
Colorado Dept. of Corrections), and
CHRIS MACHETTE (Time
Computation Supervisor/CDOC),

     Defendants-Appellees.

No. 06-1383
(D.C. No. 06-cv-00559-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

     Ronnie Lee Raile appeals from a district court order that construed his

prisoner civil-rights complaint as repetitive of a prior lawsuit and dismissed it.

We take jurisdiction under 28 U.S.C. § 1291 and dismiss the appeal.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Raile is a state prisoner in the custody of the Colorado Department of Corrections (CDOC), serving time for burglary, trespassing, and violating a restraining order. In January 2005, he filed a pro se complaint under 42 U.S.C. § 1983 against Joe Ortiz, CDOC's executive director, and Chris Machette, a CDOC time-computation supervisor. Mr. Raile alleged that his "Time Computation Report" (TCR) lists a charge of domestic violence that was not included on his state court mittimus. *Raile v. Ortiz*, No. 05-cv-149-ZLW (D. Colo. Jan. 27, 2005) (Compl. at 3). He further alleged that Ortiz and Machette "failed to correct the [TCR]" even after receiving a May 19, 2004 order from the state district court, indicating that his "mittimus reflected a Violation of Restraining Order . . . not a charge of Domestic Violence." *Id.* at 3. According to Mr. Raile, the incorrect charge hindered his "progression through [CDOC] (i.e.) - half-way house, community corrections and reflect[ed] in a negative way any presentation to the parole board," *id.* at 4. Mr. Raile sought damages and to have Ortiz and Machette charged with contempt for not complying with the mittimus.

In March 2005, the district court dismissed the complaint as frivolous, ruling that (1) his claims did "not implicate a federal constitutional right"; (2) he alleged only "theoretical future harm," *id.* (D. Colo. Mar. 30, 2005) (Dismissal

Order at 3); and (3) to the extent he sought criminal charges against Ortiz and Machette, relief was unavailable. Mr. Raile did not appeal.

In March 2006, proceeding in forma pauperis (IFP), Mr. Raile filed another pro se § 1983 complaint against Ortiz and Machette, No. 06-cv-559-ZLW, again alleging that CDOC refuses to remove from his TCR the reference to a domestic-violence charge and that the charge precludes him from being considered for "[c]ommunity [c]orrections programs" or parole. ROA, Doc. 3, at 9. He again cites the state court mittimus and the May 19, 2004 order, which this time accompanies the complaint. The order states that while Mr. Raile was not "charged with or convicted of domestic violence in this matter," the CDOC time-computation office has "informed the court that the charge of Violation of Restraining order . . . falls under the category of domestic violence within their office." *Id.* at 26.

A magistrate judge ordered Mr. Raile to show cause why the complaint should not be dismissed because it was repetitive of the earlier lawsuit. He responded that the earlier lawsuit "should not have been dismissed as being frivolous because [he] should have been, but was not, allowed to amend his Complaint to refect [sic] a recognizable Federal Constitutional Claim," *id.*, Doc. 8 at 1 (emphasis omitted), and that the instant complaint "clearly states how my constitution[al] - civil rights are being violated, which it did not in the first complaint," *id.* at 5. In July 2006, a district judge ordered the complaint

-3-

dismissed as frivolous and malicious, ruling that if Mr. Raile believed the earlier complaint was wrongly dismissed he should have appealed, and that "the claims in the instant action are repetitive of the claims Mr. Raile raised in [the prior action]." *Id.*, Doc. 10 at 3. Mr. Raile timely filed a notice of appeal[1] and moved for IFP status on appeal. The district court denied the motion, and Mr. Raile now seeks IFP status from this court.

<u>DISCUSSION</u>

Under 28 U.S.C. § 1915(e)(2)(B)(i), an IFP case must be dismissed if, at any time, the court determines that the action is frivolous or malicious. We review for an abuse of discretion unless the district court's determination turned on an issue of law, in which case we review de novo. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir.), *cert. denied*, 127 S. Ct. 675 (2006). Employing either standard of review, and construing the complaint liberally, *see Freeman v. Watkins*, 479 F.3d 1257, 1259 (10th Cir. 2007), we conclude that the district court properly dismissed this case.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. State of Colo.*,

---

[1] While Mr. Raile did not file his notice of appeal until forty-seven days after the district court dismissed his complaint on July 14, 2006, the notice is timely because the dismissal order does not qualify as a separate judgment which would trigger the thirty-day appeal period. *See Berrey v. Asarco Inc.*, 439 F.3d 636, 642 n.4 (10th Cir. 2006) (suggesting that an order containing the court's "detailed legal analysis" is not a judgment contemplated by Fed. R. Civ. P. 58).

121 F.3d 573, 574 (10th Cir. 1997) (quotation and alteration omitted).

Mr. Raile's March 2006 complaint is premised on precisely the same conduct by CDOC that formed the basis of his January 2005 complaint. While the March 2006 complaint attempts with more precision than its predecessor to identify the constitutional violation allegedly present, we do not hesitate to declare both complaints virtually identical. Mr. Raile even alleged as much in his March 2006 complaint, when he identified the nature of the present case as CDOC's "non-compliance" with the state court mittimus, ROA, Doc. 3 at 8, and described the prior lawsuit as having raised the claim that "C.D.O.C. is not compl[y]ing with the court[ ] mittimus," *id.* at 13.

Accordingly, we DISMISS this appeal for substantially the same reasons given by the district court, and we DENY Mr. Raile's motion for appellate IFP status, as he has not offered "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Accordingly, immediate payment of the unpaid balance of the appellate filing fee is due.

Finally, our dismissal of this appeal counts as at least Mr. Raile's third strike under 28 U.S.C. § 1915(g).[2] He may not proceed IFP as a prisoner in any

---

[2] The strikes arise from the following dismissals: (1) our dismissal of the instant appeal; (2) the district court's dismissal of the March 2006 complaint; and (3) the district court's dismissal of the January 2005 complaint. *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir.

(continued...)

further civil action or appeal filed in federal court unless he is in "imminent

danger of serious physical injury."  *Id.*

Entered for the Court


Stephen H. Anderson
Circuit Judge

---

[2](...continued)
1999) (reciting the dismissal-strike rules).  Mr. Raile would also have strikes from
our previous dismissal as frivolous of his appeal in *Raile v. Ortiz*, No. 05-1345,
2006 WL 991102 (10th Cir. Apr. 17, 2006) (involving Raile's detention in a
county jail), and the underlying dismissal of that action as frivolous.