**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONALD E. NELSON,

Plaintiff-Appellant,

v.

H. A. RIOS, JR., Warden; DEBORAH
BRADFIELD, B.S.W.; DAVID
CRAGO, Ph.D.; DAVID M. TATERS,
Ph.D.; MICHELE ALLPORT,
Education Coordinator,

Defendants-Appellees.

No. 07-1194
(D.C. No. 06-cv-1813-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

---

Plaintiff-appellant Donald E. Nelson, a former federal prisoner appearing

pro se, appeals from both the district court's January 4, 2007, dismissal without

prejudice of his civil rights complaint and from the district court's April 13, 2007,

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of his "motion for recall or for appeal." The district court also denied appellant's subsequent motion for leave to proceed in forma pauperis (IFP) on appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. 24. Appellant has renewed that motion in this court. We deny it and dismiss the appeal.

Appellant filed his pro se civil rights complaint in February 2005 in the United States District Court for the Southern District of Illinois, while he was an inmate in the Federal Prison Camp in Marion, Illinois. Because the named defendants were several officials at Federal Correctional Institute–Florence, Colorado, where appellant had formerly been housed, R., Doc. 1, the Illinois court transferred the case to the District of Colorado in September 2006, *id.*, Doc. 1, Attach. 3. In an order filed on November 18, 2006, the Colorado magistrate judge entered an "order to file amended complaint and to show cause," ordering appellant to file within thirty days an amended complaint to remedy two defects: (1) to assert facts showing the personal participation of each named defendant in the alleged conspiracy to violate his constitutional rights, and (2) to plead or demonstrate exhaustion of administrative remedies. *Id.*, Doc. 10.

Appellant did not respond to the magistrate judge's show cause order, and on January 4, 2007, the district court filed an "order and judgment" dismissing the complaint without prejudice for failure to follow the directives of the show cause order and for failure to prosecute. *Id.*, Doc. 11. In late March 2007, appellant filed a motion styled "motion for recall or for appeal," explaining that he never

received the magistrate judge's show cause order at the county jail in Mississippi where he was housed at that time, and asking the court to set aside the dismissal. *Id.*, Doc. 13. He admitted that his daughter had told him over the phone about the show cause order within the thirty days he had been given to respond. *Id.* at 1. The district court construed appellant's "motion for recall" as a motion for relief from the judgment under Fed. R. Civ. P. 60(b) and, in an order filed on April 13, 2007, summarily denied it "for failure to present any extraordinary circumstances that justify relief pursuant to Fed. R. Civ. P. 60(b)." R., Doc. 15, at 2. Appellant appeals from both the dismissal of his complaint and the denial of his motion for recall.

We review a dismissal for failure to comply with court orders and failure to prosecute for abuse of discretion. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). We also review the denial of appellant's motion for recall, construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b), for abuse of discretion. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). We hold that the district court did not abuse its discretion in this case.

The magistrate judge ordered appellant to file an amended complaint to remedy two defects in his complaint: (1) to assert facts showing the personal participation of each named defendant in the alleged conspiracy to violate his constitutional rights, and (2) to plead or demonstrate exhaustion of administrative remedies. R., Doc. 10, at 2-4. But shortly after the district court entered its

dismissal order, the requirement that inmates specially plead or demonstrate exhaustion was rejected by the Supreme Court in *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). *Freeman v. Watkins*, 479 F.3d 1257, 1259-60 (10th Cir. 2007). We therefore need not consider that requirement at this point, but only the sufficiency of appellant's factual allegations.

We have reviewed appellant's complaint, motion for recall or for appeal, and brief on appeal. He made no attempt in his motion for recall or for appeal to demonstrate that he could amend his complaint to assert facts showing the personal participation of each named defendant in the alleged conspiracy to violate his constitutional rights, *see* R., Doc. 13, and his brief on appeal shows that his asserted facts remain conclusory and insufficient as a matter of law, *see generally* Aplt. Br. Therefore, the district court did not abuse its discretion by dismissing appellant's complaint or by denying his motion for recall or for appeal, construed as a motion for relief from judgment under Rule 60(b), and we affirm both the district court's "order and judgment" dismissing the complaint without prejudice and its order denying the motion for recall or for appeal.

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir.

2005).  Appellant has not shown a reasoned, nonfrivolous argument on appeal, and his motion for leave to proceed IFP on appeal is therefore denied.

The appeal is DISMISSED.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge