**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOSEPH Z. WOMBLE,

    Plaintiff - Appellant,

v.

JERRY CHRISMAN; TOMMY SHARP,

    Defendants - Appellees.

No. 21-7015
(D.C. No. 6:14-CV-00385-JFH-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Joseph Z. Womble, who was an inmate at the Mack Alford

Correctional Center in Oklahoma, brought Eighth Amendment claims under

42 U.S.C. § 1983 against Warden Jerry Chrisman and Deputy Warden Tommy Sharp

("Defendants").  The district court granted summary judgment against Mr. Womble,

holding that he had not exhausted his administrative remedies as required by the

Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Mr. Womble has

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed.  Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings consistent with this opinion.

## I.  Background

This appeal involves a civil rights lawsuit Mr. Womble filed in 2014 while serving a sentence in the custody of the Oklahoma Department of Corrections ("ODOC").  Mr. Womble, who has since been released, originally named as defendants the governor of Oklahoma and other high-level officials.  The district court dismissed those defendants from the case at an early stage pursuant to Fed. R. Civ. P. 12(b)(6).

While that dismissal was on appeal,[1] Mr. Womble filed an amended complaint in November 2015, naming Mr. Chrisman and Mr. Sharp as defendants.  He asserted Eighth Amendment claims under 42 U.S.C. § 1983 based on allegations of inadequate nutrition and unhygienic prison conditions due to overcrowding.  In October 2016, Defendants moved to dismiss the amended complaint for failure to state a claim.  Their motion did not identify exhaustion of administrative remedies as a ground for dismissal.  The district court granted Defendants' motion, and its order also made no mention of exhaustion.  Mr. Womble appealed the dismissal of his claims against Defendants.  We reversed, holding his amended complaint plausibly alleged claims of inadequate nutrition and failure to maintain sanitary facilities.  *See*

---

[1] We subsequently dismissed the appeal for lack of prosecution.  *Womble v. Parker ("Womble I")*, No. 15-7066 (10th Cir. Jan. 21, 2016).

*Womble v. Chrisman ("Womble II")*, 770 F. App'x 918, 923-24, 925 (10th Cir. 2019).

On remand, Defendants filed a summary judgment motion in September 2019, arguing, among other things, that Mr. Womble had not exhausted his administrative remedies. The district court granted the motion, holding "there are no genuine issues of material fact with respect to whether Plaintiff's claims are unexhausted." Aplt. App. Vol. 2 at 401. Mr. Womble timely appealed.

## II. Discussion

Mr. Womble argues the district court erred in granting summary judgment in favor of Defendants. We review de novo a district court's grant of summary judgment under Fed. R. Civ. P. 56. *Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 907 (10th Cir. 2009). We must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Talley v. Time, Inc.*, 923 F.3d 878, 893 (10th Cir. 2019) (internal quotation marks omitted).

Mr. Womble's appeal presents two issues. First, he argues Defendants waived or forfeited the right to assert an exhaustion defense. Second, he contends that even if Defendants did not waive or forfeit the defense, the district court erred in holding that he failed to exhaust his administrative remedies. We need not decide the first issue because, under the circumstances here, we hold Mr. Womble is excused from any failure to exhaust.

### A. Waiver and Forfeiture

The PLRA requires exhaustion of "such administrative remedies as are available" prior to filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, but the Supreme Court has explained that the word "mandatory" in this context does not mean exhaustion must be pled and demonstrated in the complaint. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007). Instead, "it falls. . . to the defendant to raise lack of exhaustion as an affirmative defense." *Id.* at 211. Here, Defendants raised the exhaustion defense, but Mr. Womble contends they did so too late and therefore waived or forfeited it. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)).

Mr. Womble argues that because exhaustion is an affirmative defense, it stands to reason that it can be waived or forfeited. *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("[A]n objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point." (internal quotation marks omitted)); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) (holding in the PLRA context that the failure to exhaust available administrative remedies is an affirmative defense that is waivable), *abrogated on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006). Defendants waived the exhaustion defense, Mr. Womble contends, because their litigation conduct demonstrates they

4

"knowingly and intelligently relinquished" the defense. *Wood v. Milyard*, 566 U.S. 463, 470 n.4 (2012).

In particular, Defendants omitted the exhaustion defense from their motion to dismiss even though their co-defendants, represented by the same counsel, elected to include the defense in their earlier motion to dismiss.[2] Unlike their co-defendants, Defendants only challenged the adequacy of Mr. Womble's complaint under Fed. R. Civ. P. 12(b)(6). Defendants raised the exhaustion defense for the first time on remand, after we reversed and held that Mr. Womble had adequately pled constitutional claims against Defendants. *See Womble II*, 770 F. App'x at 923-25. According to Mr. Womble, Defendants waived or at least forfeited the exhaustion defense by raising it after an entire round of appeals and nearly four years after they were added to the case. *See Davis*, 139 S. Ct. at 1848, 1852 (affirming holding in Title VII discrimination case that defendant had forfeited exhaustion defense by asserting it for the first time "[y]ears into the litigation . . . after an entire round of appeals all the way to the Supreme Court").

In response, Defendants seem to concede that the exhaustion defense can be waived or forfeited in a PLRA case, but argue they did not do so here. Defendants contend it would have been improper to assert an exhaustion defense in their Rule 12(b)(6) motion, citing *Freeman v. Watkins*, 479 F.3d 1257 (10th Cir. 2007). In *Freeman*, we concluded that after *Jones*, 549 U.S. 199, inmates no longer have the

---

[2] In ruling on the co-defendants' motion to dismiss, the district court did not address the exhaustion defense.

duty of pleading exhaustion, "and therefore it [was] no longer appropriate for the district court to require an affirmative showing of exhaustion" in the complaint. *Freeman*, 479 F.3d at 1260. We went on to observe, "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Id.* (internal quotation marks omitted). That observation, however, was made in the context of "the district court's ability to raise sua sponte the exhaustion requirement." *Id.* Nothing in *Freeman* suggests that it is improper for a defendant in a PLRA case to raise lack of exhaustion in a Rule 12(b)(6) motion. Defendants also fail to explain why it would have been improper for them to assert an exhaustion defense in their Rule 12(b)(6) motion, but not for their co-defendants to have done so. In short, Defendants' insistence that they "properly raised exhaustion at the first opportunity," Ans. Br. at 17, is inconsistent with the record and unsupported by our case law.

Ultimately, however, we need not determine whether Defendants waived or forfeited the exhaustion defense. As discussed below, even if Defendants did not waive or forfeit the defense, the district court erred in dismissing Mr. Womble's claims for failure to exhaust his available administrative remedies.

**B. Exhaustion**

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into

6

court." *Jones*, 549 U.S. at 204. In order "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules . . . that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (internal quotation marks and citation omitted).

ODOC has a four-step "Offender Grievance Process," set forth in its Operations Memorandum OP-090124. The first step requires an inmate to discuss an issue informally with staff. OP-090124, § IV.B. If that fails, the inmate may then submit a "Request to Staff" or "RTS" detailing the issue and identifying a proposed remedy. *Id.*, § IV.C. If the RTS is denied, the inmate may submit a formal grievance, using an "Offender Grievance Report Form," to the facility's reviewing authority, usually the warden or the warden's designee. *Id.*, § V.A. The "Offender Grievance Report Form" must be accompanied by the RTS. *Id.* Finally, the inmate may appeal the denial of a formal grievance to the Administrative Review Authority ("ARA"), who is the director of ODOC or a designee. *Id.*, § VII.B.

Critically for our purposes, if the reviewing authority does not respond within 30 days of submission, an inmate may send a grievance to the ARA with evidence showing the grievance was sent to the proper reviewing authority but not answered. *Id.*, § V.C.4. ODOC's procedures identify only two types of grievance forms for inmates to use for submission to an ARA: (1) a Misconduct/Grievance Appeal Form, and (2) a Request to Submit a Misconduct/Grievance Appeal Out of Time.

*Id.*, §§ VII.B.1.a & XII.A.  The procedures do not specify which form an inmate should use to raise with the ARA that a reviewing authority has failed to respond.

Here, Mr. Womble filed at least three separate grievances in an effort to exhaust his administrative remedies, but we need only focus on his third attempt. Mr. Womble submitted an RTS to Mr. Sharp on July 8, 2018.  Mr. Sharp denied it on the ground that it lacked specifics.  Mr. Womble then sent an "Offender Grievance Report Form" to Warden Chrisman, which explained:  "This facility is overcrowded. The Supreme Court in *Rhodes v. Wilson*[3] has said that while overcrowding itself is not an 8th [A]mendment violation, rights infringed upon due to overcrowding are actionable.  My right to nutritious food, airflow, and a health hab[ilitative] environment have been encroached upon by the stackin[g] of inmates in dayrooms, libraries, and TV rooms."  Aplt. App. Vol. 2 at 335-36.  Mr. Chrisman never responded.

Having received no response to his third grievance, Mr. Womble filed a Misconduct/Grievance Appeal Form with the ARA, pursuant to § V.C.4 of ODOC's grievance procedures.  On that form, Mr. Womble explained that he filed an RTS, Mr. Sharp responded, and he then filed a grievance to which Mr. Chrisman did not respond.  The ARA denied Mr. Womble's appeal in a single line:  "YOU CANNOT

---

[3] Mr. Womble probably intended to cite *Rhodes v. Chapman*, 452 U.S. 337 (1981), in which the Supreme Court rejected the proposition that double-celling of inmates could itself be cruel and unusual punishment.  *See id.* at 348 ("The double celling made necessary by the unanticipated increase in prison population did not lead to deprivations of essential food, medical care, or sanitation.").

APPEAL A NON-RESPONSE.  REFER TO OP-090124 SECTION V.C. FOR GUIDANCE." Aplt. App. Vol. 2 at 340.

The ARA's insistence that Mr. Womble could not appeal a non-response is perplexing because § V.C seems to contemplate exactly what Mr. Womble was trying to do:  bring to the ARA's attention a facility's non-response to a grievance.  It appears, however, that the ARA was insisting on a hyper-technical reading of that section, in which a prisoner is permitted to *grieve* a non-response, but is not permitted to *appeal* one.  *See* OP-090124, § V.C.4 ("If there has been no response by the reviewing authority within 30 calendar days of submission, the offender may send a *grievance* to the administrative review authority . . . with evidence of submitting the grievance to the proper reviewing authority." (emphasis added)).

The problem with that reading is that ODOC does not provide a form for filing a "grievance" with the ARA.  Defendants insist that Mr. Womble should have used a facility-level grievance form, but it would have made little sense to use that form rather than the ARA-specific appeal form.  Among other things, the facility-level grievance form warns the prisoner he may not attach anything to the form except an RTS and response, Aplt. App. Vol. 2 at 335.  Yet § V.C.4 requires the prisoner to submit evidence of an unanswered grievance.  In addition, the facility-level grievance form requires the prisoner to indicate whether the grievance is being sent to the warden, district supervisor, or correctional health services administrator.  On its face, the form does not contemplate that it may be used for sending a grievance to the ARA.

9

As we explained above, the PLRA only requires the exhaustion of "available" administrative remedies. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Here, the ARA's designee apparently rejected Mr. Womble's attempt to bring to the ARA's attention a non-response on the ground that Mr. Womble used the wrong form. Yet ODOC does not appear to have a form suited to § V.C.4 grievances. The absence of such a form rendered the final step of exhaustion unavailable. Accordingly, we excuse Mr. Womble's failure to exhaust administrative remedies regarding his Eighth Amendment claims.

**C.  Defendants' Proposed Alternative Grounds for Affirmance**

Defendants argue that even if we determine that Mr. Womble is excused from the exhaustion requirement, we should still affirm on the alternative grounds that either Mr. Womble failed to prove an Eighth Amendment violation or that Defendants are entitled to qualified immunity. We decline the invitation. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011) ("affirming on legal grounds not considered by the trial court is disfavored").

### III.  Conclusion

For the foregoing reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

Entered for the Court

Veronica S. Rossman
Circuit Judge