**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WENDEL ROBERT WARDELL,

    Plaintiff-Appellant,

v.

DEPARTMENT OF CORRECTIONS;
JOSEPH G. ORTIZ; GARY D. NEET;
DONICE A. NEAL; ANDREA
HYATT; JOHN HYATT; CATHIE
HOLST; BRADLEY ROCKWELL,

    Defendants-Appellees.

No. 03-1039
(District of Colorado)
(D.C. No. 02-Z-2341)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, Wendel R. Wardell, Jr. appeals the district court's

dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983.

Wardell also seeks permission from this court to proceed *in forma pauperis* on

appeal.

In his complaint, Wardell alleged that defendants have denied him his

constitutional right to access the courts. The district court concluded that

Wardell's complaint was frivolous and dismissed it *sua sponte* pursuant to 28

U.S.C. § 1915(e)(2)(B)(i). We review the dismissal of a complaint pursuant to

28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion.[1] *See Schlicher v.*

*Thomas*, 111 F.3d 777, 779 (10th Cir. 1997). Like the district court, we note that

Wardell has not alleged any fact "demonstrat[ing] that the alleged shortcomings

in the library or legal assistance program hindered his efforts to pursue a legal

claim." *Lewis v. Casey*, 518 U.S. 343, 351, 354-55 (1996) (holding further that

the legal claim affected must be one that either directly or collaterally attacks

plaintiff's conviction or sentence, or one that challenges the conditions of his

confinement). We reject Wardell's argument that he is under no obligation to

---

[1] This court has indicated in an unpublished disposition that changes in the PLRA may now dictate that determinations of frivolousness under § 1915(e)(2)(B)(i) are subject to a *de novo* standard of review. *Basham v. Uphoff*, No. 98-8013, 1998 WL 847689, at *4 n.2 (10th Cir. Dec. 8, 1998) (unpublished disposition). It is unnecessary to resolve this question here because there is no reversible error under either standard.

allege sufficient facts in his complaint to support his claim. We further note that Wardell does not contend on appeal that the district court should have provided him with an opportunity to amend his complaint and Wardell did not file a motion to alter or amend the judgment under Rule 59(e) or for relief from the judgment under Rule 60(b) after his complaint was dismissed. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (discussing post-judgment procedural safeguards available to litigants whose complaints have been dismissed *sua sponte* pursuant to § 1915(e)(2)).

In light of the district court's clear and concise order and the absence of any reasoned argument in Wardell's appellate brief, this court concludes that Wardell's appeal is frivolous. Because Wardell's appeal is frivolous, his motion to proceed *in forma pauperis* is **denied** and his appeal is **dismissed** under 28 U.S.C. § 1915(e)(2)(B)(i).

The district court's dismissal of Wardell's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). Our dismissal of Wardell's appeal also counts as a strike for purposes of 28 U.S.C. § 1915(g). Thus, Wardell has now accumulated two strikes under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Wardell is hereby warned that if he accrues one more strike, he will be precluded from proceeding *in forma pauperis* in any further civil proceedings unless he is under

"imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Wardell is further notified that despite this court's dismissal of his appeal, he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See id*. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge