**F I L E D**

# UNITED STATES COURT OF APPEALS

**April 24, 2007**

## TENTH CIRCUIT

JAMES A. CHILDS,

      Plaintiff-Appellant,

v.

JOE ORTIZ; BARRY PARDUS;
DENNIS BURBANK; RANDY
FOSHEE; WILLIAM RICHTER; T.
KEELER; LT. HOLCOMB; DONNA
MURPHY, et al.; M. WINDEN;
STEVE OWENS; DONALD McCALL;
J. BROWN; SGT. SIMMONS; K.
MEYER; PHIL MARMALEJO; JULIE
RUSSELL; JASON ELSE; ANTHONY
DECESARO; KAREN COOPER;
MICHAEL ARELLANO; SHERYL
HEBERT; R. TWILLEGER; L.A.
RAMIREZ,

      Defendants-Appellees.

No. 06-1368
(D.C. No. 06-cv-741-ZLW)
(Colorado)

## ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

_____

James A. Childs, a *pro se* state prisoner,[1] brought a complaint in the district court challenging various conditions of his confinement. The district court dismissed his claims for failure to demonstrate exhaustion of administrative remedies. We vacate the district court's order and remand for further consideration.

Mr. Childs, a prisoner in custody of the Colorado Department of Corrections, filed a multi-claim complaint in district court challenging the conditions of his imprisonment. Prisoners must exhaust administrative remedies before challenging prison conditions in federal court. *See* 42 U.S.C. § 1997e(a). Relying on our holding in *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), which requires that prisoners demonstrate exhaustion in their complaint by "either attach[ing] copies of administrative proceedings or describ[ing] their disposition with specificity," the district court concluded Mr. Childs "failed to describe with specificity the exhaustion of each of his claims," and "dismissed [Mr. Childs' claims] for failure to demonstrate exhaustion of the . . . administrative-grievance procedure." *See* Rec., vol. I, doc. 22 at 5.

The Supreme Court recently held failure to exhaust administrative remedies

_____

[1]Because he is proceeding pro se, we review Mr. Child's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

as required by 42 U.S.C. § 1997e(a) is an affirmative defense and not a pleading requirement. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). We have since recognized that *Jones* overruled the pleading requirement outlined in *Steele*, the basis for the district court's dismissal of Mr. Childs' complaint. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). As we said in *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), "it is no longer appropriate for the district court to require an affirmative showing of exhaustion at this stage of the case."

In light of the recent rulings discussed above, we **VACATE** the district court's order and judgment of dismissal, and **REMAND** to the district court for further proceedings.[2]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[2]Because Mr. Childs demonstrated the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997), we grant his request to proceed *ifp*.