**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TODD JAY SCHOENROGGE,

      Plaintiff-Appellant,

v.

SAM BROWNBACK,

      Defendant-Appellee.

No. 07-3216
(D.C. No. 07-CV-1021-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

      Plaintiff-Appellant Todd Jay Schoenrogge, appearing pro se, appeals the dismissal of his mandamus action by the District Court for the District of Kansas. We have jurisdiction under 28 U.S.C. § 1291. Reviewing Mr. Schoenrogge's filings liberally,[1] we conclude that the district court correctly held that Mr.

---

[*]   This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Schoenrogge is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

Schoenrogge failed to meet two of the legal prerequisites for mandamus relief. Accordingly, we **DENY** Mr. Schoenrogge's request for a writ of mandamus and **AFFIRM** the district court's order of dismissal.

## I. BACKGROUND

Mr. Schoenrogge invoked 28 U.S.C. § 1361 to request an order directing U.S. Senator Sam Brownback "to call for the investigation and prosecution" of certain Department of Justice ("DOJ") employees who "violated federal laws as alleged in [Plaintiff's] July 17, 2006 letter to Mr. Brownback's office." R., Vol. I, Doc. 1, at 2. The magistrate judge, after granting leave to proceed in forma pauperis, recommended dismissal under 28 U.S.C. § 1915(e)(2) on the grounds of frivolousness because Mr. Schoenrogge could not establish two of the prerequisites to mandamus relief: a clear duty on the part of defendant, and a clear right in plaintiff to the relief sought. Mr. Schoenrogge filed objections to the magistrate judge's decision. The district court, however, adopted the magistrate judge's reasoning and dismissed the action. The court also denied Mr. Schoenrogge's motion to reconsider its decision. Mr. Schoenrogge timely appealed.

## II. DISCUSSION

Section 1361 grants district courts authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Grant of mandamus relief is a matter of

judicial discretion, but a plaintiff must first show eligibility by establishing "(1) that he has a clear right to relief, (2) that the [defendant's] duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). "[W]e consider de novo whether the legal requirements for such relief are present." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995). Our cases, moreover, have underscored that the action requested must be "a nondiscretionary, ministerial duty." *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991).

Mr. Schoenrogge has presented nothing that suggests the investigation of third party criminal conduct is owed to him here. On appeal he argues that the refusal to pursue an investigation "violated my Constitutional rights to a Federal workforce free from corruption and criminals." Aplt. Br. at 2C. Such a generalized assertion is not a "clear right" sufficient to be the basis for a mandamus action.

Separately, and most significant to the district court, Mr. Schoenrogge failed to establish a duty on the part of Senator Brownback to initiate an investigation. On appeal Mr. Schoenrogge argues that Senator Brownback's membership on the Senate Judiciary Committee gives him "a clear duty to investigate criminal activity in the [DOJ]" and that 18 U.S.C. § 4 establishes a duty "to report violations of federal laws to the appropriate legal authorities."

Aplt. Br. at 2D.  As the district court held, even if Senator Brownback had a duty to call for an investigation, such a duty would be discretionary and beyond the reach of mandamus.  *See, e.g., Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965) (holding that writ of mandamus against Attorney General would not lie because the question of whether to institute prosecution is discretionary).

Mr. Schoenrogge's argument under 18 U.S.C. § 4 also is unavailing.[2] While § 4 makes it a crime to conceal or fail to make known the commission of a felony, it applies only to those "having knowledge of the actual commission of a felony."  18 U.S.C. § 4.  The only basis for Senator Brownback's alleged knowledge is the letter Mr. Schoenrogge wrote to him.  Accusations against third

---

[2]     With reference to his misprision allegations, Mr. Schoenrogge asked the district court to "seek the criminal prosecution of Mr. Brownback," R., Vol. I, Doc. 1, at 2, and, more specifically, "to report the criminal conduct of [Senator Brownback] to the appropriate law enforcement authorities with a recommendation that those authorities seek criminal prosecution."  *Id.*, Doc. 8, at 2.  Further, Mr. Schoenrogge "request[ed] that the record in this matter be forwarded to the Ethics Committee of the U.S. Senate with a recommendation that proceedings ensue to remove [Senator Brownback] from his position . . . based on his violation of criminal laws."  *Id.* at 2-3.  On appeal, Mr. Schoenrogge essentially makes the same requests of this court. Aplt. Br. at 2J, 2K-2L, 3A, 4A. Mr. Schoenrogge offers no argument, nor cites to any legal authority, to support the notion that such requests for judicial action are legally cognizable in his mandamus case (if ever), which purports to seek judicially-mandated action by Senator Brownback, not independent actions by the courts.  Accordingly, in the first instance, Mr. Schoenrogge has not established the foundation for our review. *See, e.g.*, *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995); Fed. R. App. P. 28(a)(9)(A) (argument "must contain" appellant's "contentions and the reasons for them, with citations to the authorities . . . on which appellant relies").  Furthermore, under the circumstances of this case at the very least, we believe that such requests for judicial action are entirely out of place.

parties in a letter are insufficient to provide knowledge of the actual commission of a felony, and therefore cannot create a duty. *See United States v. Baez*, 732 F.2d 780, 782 (10th Cir. 1984) (holding that an element of § 4 is "full knowledge" that a felony had been committed).

Because Mr. Schoenrogge can establish neither a "nondiscretionary" duty nor a "clear right" to demand an investigation or prosecution, the district court properly dismissed this case as frivolous under § 1915(e)(2)(B). Accordingly we **AFFIRM** the district court's order and **DENY** Mr. Schoenrogge's request for a writ of mandamus.

Entered for the Court

Jerome A. Holmes
Circuit Judge