FILED
United States Court of Appeals
Tenth Circuit

November 20, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TODD JAY SCHOENROGGE,

     Petitioner-Appellant,

v.

KEVIN D. ROONEY,

     Respondent-Appellee.

No. 07-3145
(D.C. No. 07-CV-1032-MLB)
(Dist. of Kan.)

ORDER AND JUDGMENT[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Todd Jay Schoenrogge, appearing pro se, files this appeal following the denial of his request for a writ of mandamus from the District Court for the District of Kansas. We have jurisdiction under 28 U.S.C. § 1291. Reviewing Mr. Schoenrogge's filings liberally[1], we conclude that the

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Schoenrogge is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(continued...)

district court was correct in its findings, and those findings do not constitute an abuse of discretion. Accordingly, we **DENY** Mr. Schoenrogge's request for a writ of mandamus and **AFFIRM** the district court's order of dismissal.

## I. BACKGROUND

Mr. Schoenrogge sought a writ of mandamus, pursuant to 28 U.S.C. § 1361, to compel Kevin D. Rooney, the Director of the Department of Justice ("DOJ") Executive Office for Immigration Review, to remove several named employees for alleged violations of federal law committed at a facility that houses federal prisoners.[2] Mr. Schoenrogge principally alleged that the employees unlawfully brought alcoholic beverages onto the facility. Further, Mr. Schoenrogge alleged that Mr. Rooney was "guilty of the crime of misprision of a felony," and asked the district court to "request a full investigation of Mr. Rooney's conduct." R., Vol. I, Doc. 1 at 3.

The U.S. Magistrate Judge recommended dismissal, finding the action frivolous pursuant to 28 U.S.C. § 1915(e) and concluding that Mr. Schoenrogge failed to establish the necessary factors for issuance of the writ. The district court agreed and dismissed Mr. Schoenrogge's action.

---

[1](...continued)
(1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2] This case is similar to a separate mandamus action Mr. Schoenrogge brought, *Schoenrogge v. Brownback*, No. 07-3217, which this Court disposed of by an order dated November 6, 2007.

## II. DISCUSSION

Section 1361 grants district courts authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Grant of mandamus relief is a matter of judicial discretion, but a plaintiff must first show eligibility by establishing "(1) that he has a clear right to relief, (2) that the [defendant's] duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). "[W]e consider de novo whether the legal requirements for such relief are present." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995).

Our cases, moreover, have underscored that the action requested must be "a nondiscretionary, ministerial duty." *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991); *see Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 566 (10th Cir. 1981) ("This . . . oft-cited ministerial-discretionary dichotomy which permeates the jurisprudence of mandamus is merely shorthand for the well-taken rule that to the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary." (footnote omitted)). Because Mr. Schoenrogge has failed to demonstrate the first two prongs of the mandamus analysis, we need not address the third issue regarding adequate remedy.

As to the first prong, Mr. Schoenrogge contends that he has a clear right to relief that arises from his status as a U.S. citizen and Mr. Rooney's status as a federal government employee. Specifically, Mr. Schoenrogge argues that Mr. Rooney is required to answer to U.S. citizens, like Mr. Schoenrogge, who in effect are his employers. Therefore, Mr. Schoenrogge reasons that he has a clear right to demand that Mr. Rooney act to remove employees who have violated federal law. We disagree. Such a generalized assertion cannot be a "clear right" sufficient to be the basis for a mandamus action.

As to the second prong, Mr. Schoenrogge essentially relies upon the same rationale, arguing that Mr. Rooney owed him a nondiscretionary duty due to Mr. Schoenrogge's U.S. citizenship. The district court properly concluded that Mr. Schoenrogge's assertions did not establish that the alleged duties of Mr. Rooney are clearly ministerial and nondiscretionary.

As a DOJ official, Mr. Rooney is ultimately subject to the supervision and control of the Attorney General. *See* 28 U.S.C. § 509 (with limited exceptions, vesting in the Attorney General "[a]ll functions of other officers of the Department of Justice"). Any decision-making authority on the part of Mr. Rooney that would permit him to remove federal employees from their positions would have been conferred upon him by the Attorney General. *See id.* § 510 (stating that the Attorney General may authorize the "performance by any other officer, employee, or agency of the Department of Justice of any function of the

-4-

Attorney General").  And the Attorney General's responsibility to enforce the law is a matter of discretion.  *Cf. United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws." (quotation marks omitted)).  Thus, Mr. Rooney's alleged refusal to take punitive actions against the employees here would fall within the grant of discretion delegated to him by the Attorney General.

We conclude, as a matter of law, that Mr. Schoenrogge has failed to satisfy the threshold requirements for mandamus relief and that the district court did not abuse its discretion in denying the writ.  *See Marquez-Ramos,* 69 F.3d at 479 (stating "once a party seeking issuance of a writ of mandamus meets its burden of showing the prerequisites have been met, a court still exercises its own discretion in deciding whether or not to issue the writ").  Furthermore, the district court properly rejected in summary fashion Mr. Schoenrogge's contentions relating to Mr. Rooney's alleged misprision of a felony violations.[3]

---

[3]        For the reasons that we outlined in rejecting Mr. Schoenrogge's similar contentions in his mandamus action against Senator Brownback, Mr. Schoenrogge's entreaties to the district court and this court to initiate law enforcement action against Mr. Rooney and to report his alleged criminal conduct (including supposed violations of 18 U.S.C. § 4) to federal prosecutors are without legal foundation and, at the very least, out of place in this mandamus action.  *See also Brownback*, No. 07-3216, at 4 n. 2 (questioning "the notion that such requests for judicial action are legally cognizable in [Mr. Schoenrogge's] mandamus case (if ever)).  Furthermore, insofar as Mr. Schoenrogge's appellate filings ask this court to initiate similar law enforcement action against Mr.

(continued...)

Accordingly we **AFFIRM** the district court's order of dismissal and **DENY**

Mr. Schoenrogge's request for a writ of mandamus.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[3](...continued)
Rooney's subordinates, we likewise decline the request.