FILED
United States Court of Appeals
Tenth Circuit

April 8, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES A. CHILDS,

      Plaintiff - Appellant,

v.

ZITA L. WEINSHIENK, Judicial
Officer,

      Defendant - Appellee.

No. 08-1493
(D.C. No. 08-cv-02180-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

James A. Childs ("Childs"), a Colorado state prisoner appearing pro se,

appeals the district court's dismissal of his Petition for Writ of Mandamus.

Childs also moves for leave to proceed in forma pauperis on appeal. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal, deny the motion to proceed in forma pauperis, and dismiss Childs's appeal.

I.    Procedural background

A.    *District court case no. 06-cv-00741*

On April 19, 2006, Childs filed a 42 U.S.C. § 1983 complaint in the district court, making a number of claims regarding conditions of confinement and denial of access to the courts. Judge Weinshienk dismissed the second amended complaint on August 4, 2006, ruling that Childs had failed to satisfy his burden, under 42 U.S.C. § 1997e(a), of pleading exhaustion of his administrative remedies. On Childs's appeal to this Court, we vacated the district court's order and remanded for further proceedings in light of Jones v. Bock, 549 U.S. 199, 214-17 (2007), which held that § 1997e(a)'s exhaustion requirement was an affirmative defense, rather than a pleading requirement. See Childs v. Ortiz, 232 F. App'x 776, 2007 WL 11196509, at *1 (10th Cir. Apr. 24, 2007) (unpublished).

On June 6, 2007, Judge Weinshienk entered an order reinstating Childs's § 1983 action. On the same day, Magistrate Judge Boland issued an order requiring Childs to show cause why the action should not be dismissed for failure to comply with the court's orders of May 4, 2006, and May 23, 2006. Pursuant to 28 U.S.C. § 1915, those orders required Childs, who was proceeding in forma pauperis, to make regular monthly payments toward his filing fee, or to show cause each month why he could not make such payments due to lack of assets.

- 2 -

The orders further directed Childs to show cause of his inability to make monthly payments by filing certified copies of his inmate trust fund account statements.

Following Childs's response to Magistrate Judge Boland's order, Judge Weinsheink dismissed the action without prejudice on July 19, 2007, ruling that Childs had failed to comply with the court's orders and thus with the requirements of § 1915(b)(2). Childs again appealed the dismissal to this Court, and we affirmed the district court's order on December 20, 2007. Childs then filed a petition for certiorari with the United States Supreme Court, which denied the petition on April 14, 2008. The Supreme Court denied Childs's petition for rehearing on June 23, 2008.

B. *The mandamus action, district court case no. 08-cv-02180*

Again proceeding in forma pauperis, Childs filed his Petition for Writ of Mandamus on October 8, 2008, naming Judge Weinshienk as Defendant. Childs sought to compel Judge Weinshienk to enforce this Court's April 24, 2007, Order and Judgment in his § 1983 case, described supra. That Order and Judgment had vacated the district court's dismissal of Childs's lawsuit and remanded for further proceedings in light of  Jones, 549 U.S. at 214-17.

Judge Weinshienk concluded that the petition was legally frivolous under 28 U.S.C. § 1915(e)(2)(B), because the district court did not owe Childs the "'clear nondiscretionary duty'" that is required for a successful mandamus action

under 28 U.S.C. § 1361.[1]  (Order of Dismissal at 2, quoting <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984).)  There was no clear nondiscretionary duty here, according to the district court, because the court <u>did</u> reopen Childs's § 1983 case pursuant to this Court's April 24, 2007, Order and Judgment.  Then, after the district court subsequently dismissed that lawsuit on the ground that Childs had failed to comply with § 1915 requirements, Childs unsuccessfully appealed that dismissal to this Court and the Supreme Court.  As Childs has "exhausted all avenues of relief" as to his § 1983 case, Judge Weinshienk explained, the district court does "not owe him a clear nondiscretionary duty to reopen [that case] to allow a second round of review."  (Order of Dismissal at 3.)  In short, according to the district court's order, Childs's § 1983 "case is closed."  (<u>Id.</u>)

The district court later denied Childs leave to proceed <u>in forma pauperis</u> on appeal, finding that the appeal was not taken in good faith because Childs failed to show the existence of a reasoned, nonfrivolous argument on the law and facts

---

[1]Section 1361 provides that the federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Because Childs was seeking to compel action on the part of the district court, he more appropriately should have filed his mandamus petition as an original proceeding in this Court.  <u>See</u> 28 U.S.C. § 1651(a); <u>Mallard v. U.S. Dist. Court for S. Dist. of Iowa</u>, 490 U.S. 296, 308 (1989); <u>Pacificare of Okla., Inc. v. Burrage</u>, 59 F.3d 151, 153 (10th Cir. 1995).  However, had Childs filed the mandamus petition in this Court, we would have reached the same conclusion as did the district court: that the petition was legally frivolous.  Therefore, we do not address potential distinctions between mandamus actions under § 1361 and those under § 1651.

in support of the issues raised on appeal.  (Order Denying Leave at 1, citing 28 U.S.C. § 1915(a)(3).)

II.    Standard of review

This Court has not yet decided the proper standard of review when a district court dismisses a complaint for frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B).  See Ariatti v. Edwards, 171 F. App'x 718, 2006 WL 701229, at *1 (10th Cir. Mar. 21, 2006) (unpublished); Wardell v. Dep't of Corrs., 72 F. App'x 739, 2003 WL 21640973, at *1 n.1 (10th Cir. July 14, 2003) (unpublished). "Specifically, we have questioned whether a de novo or an abuse of discretion standard is appropriate for such cases after the Prison Litigation Reform Act of 1995 . . . ." Ariatti, 2006 WL 701229, at *1.  In this case, "we need not decide which standard of review is appropriate because we would reach the same conclusion under either standard."  Id.

Because Childs's petition for mandamus and his appeal are pro se, we construe them liberally.  See Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

III.    Discussion

Mandamus is an "extraordinary remedy" that will "issue only to compel the performance of a clear nondiscretionary duty." Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) (quotation omitted).  "To grant mandamus relief, the

court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate [available] remedy . . . ." Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir. 1988).

Here, Childs seeks to compel the district court to perform a nondiscretionary duty to enforce this Court's April 24, 2007, Order and Judgment in his § 1983 case, 06-cv-00741. In that Order and Judgment, we vacated the district court's dismissal of Childs's § 1983 lawsuit and remanded the case to the district court for further proceedings in light of the Supreme Court's decision in Jones v. Bock, 549 U.S. 199, 214-17 (2007). See Childs, 2007 WL 11196509, at *1-2. Jones established that it was "'no longer appropriate for the district court'" to dismiss a lawsuit, pursuant to 42 U.S.C. § 1997e(a), on the ground that the pleadings lacked "'an affirmative showing of exhaustion.'" Id. (quoting Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007)).

In this case, the district court did enforce our April 24, 2007, Order and Judgment, by reinstating Childs's § 1983 action. After that reinstatement, the district court permissibly dismissed the action without prejudice, on the ground that while proceeding in forma pauperis, Childs failed to comply with the district court's orders and with the requirements of 28 U.S.C. § 1915(b)(2). We upheld that dismissal, and the Supreme Court denied both certiorari review and

rehearing.  Childs may not now, under the guise of a mandamus petition, seek a new round of appellate review of the district court's dismissal of case 06-cv-00741.

Therefore, (1) Childs has no clear right to the relief he seeks; (2) the district court has no nondiscretionary duty to grant that relief by reopening a closed case; and (3) Childs has already pursued, unsuccessfully, the adequate remedy that was available to him through the appeals process.  See Wilder, 846 F.2d at 620.  The district court thus correctly dismissed the mandamus petition, pursuant to § 1915(b)(2), for making a legally frivolous claim.  See Green v. Nottingham, 90 F.3d 415, 417-18 (10th Cir. 1996) (concluding that "[t]he amendments to § 1915 added by the Prison Litigation Reform Act" apply to petitions for writ of mandamus); Schoenrogge v. Brownback, 255 F. App'x 307, 2007 WL 3302444, at *2 (10th Cir. Nov. 6, 2007) (unpublished) (affirming district court's dismissal of a mandamus petition on the ground that it was legally frivolous under § 1915(e)(2)(B)).

IV.    Conclusion

For the foregoing reasons, we affirm the district court's order of dismissal, deny the motion to proceed in forma pauperis, and dismiss Childs's appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 7 -