## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

BENJAMIN SPENCER GOSSETT,

      Plaintiff - Appellant,

v.                                                  No. 09-7050
                                                    (D.C. No. CV-09-061-RAW)
ADMINISTRATION OF GEORGE W.                         (E.D. Okla.)
BUSH; GOVERNMENT OF THE
UNITED STATES OF AMERICA,

      Defendants - Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Benjamin Spencer Gossett appeals the dismissal of his pro se

civil complaint.[1] He alleges that he contracted hepatitis C and tuberculosis while in

prison and that the government has refused to treat him or to otherwise prevent the spread

---

[*]      This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

[1]      Because Mr. Gossett is proceeding pro se, we review his pleadings and
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S.
Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

of these diseases, because government officials are engaged in a "conspiracy to commit Treason, Domestic Terrorism, International Terrorism, Crimes against Humanity, Genocide and crimes against Almighty God by refusing to adhere to their oath of office." R., Vol. I, Doc. 2, at 2 (Compl., filed Feb. 12, 2009). The district court dismissed the case sua sponte, finding that the complaint lacked merit. *See* 28 U.S.C. § 1915(e)(2)(B). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Gossett describes his case as a "class-action suit" filed "on behalf and for 'We The People' of the United States." Aplt. Br. at 2. He initially sought punitive and compensatory damages. But in a separately filed motion, Mr. Gossett sought an injunction "to assure that 'We The People' are made aware of the real and present bio-hazard now active in the population and to secure medical treatment as p[re]scribed by Federal and International law." R., Vol. I, Doc. 5, at 2 (Mot., filed Mar. 4, 2009). He also requested that the court order "Government (and other) entit[ie]s to cease and desist from harassing, detaining and threatening all people who assist [him] in an effort to obstruct justice." *Id.*

The district court granted Mr. Gossett's motion to proceed in forma pauperis ("IFP"). A court is required to dismiss an IFP claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory). A claim is frivolous if it is "based on an indisputably

2

meritless legal theory" or if its "factual contentions are clearly baseless." *Trujillo*, 465

F.3d at 1216 (internal quotation marks omitted).  After reviewing Mr. Gossett's pleadings

and supporting documents, the district court concluded that his complaint was "without

merit and lacks an arguable basis either in law or fact."  R., Vol. I, Doc. 9, at 2 (Order,

filed Mar. 24, 2009).  The district court denied the motion for injunctive relief and

dismissed the complaint.

There is some dispute as to the proper standard of review.  "We generally review a

district court's dismissal for frivolousness under § 1915 for abuse of discretion.

However, where the frivolousness determination turns on an issue of law, we review the

determination de novo." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citation

and emphasis omitted).  But we have repeatedly questioned, in light of the amendments to

§ 1915 contained in the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, §

804, 110 Stat. 1321, 1321-73 to -75 (1996), whether de novo or abuse of discretion

review is appropriate regarding such frivolousness dismissals.  *See, e.g.*, *Childs v.*

*Weinshienk*, No. 08-1493, 2009 WL 929920, at *2 (10th Cir. Apr. 8, 2009); *Ariatti v.*

*Edwards*, 171 F. App'x 718, 720 (10th Cir. 2006).  In this case, the distinction is largely

immaterial.  Mr. Gossett's appeal fails under either standard.

We have carefully reviewed all of Mr. Gossett's pleadings and filings.  We agree

with the district court that they are wholly without merit.  There is no reasonable

probability that Mr. Gossett would be able to produce any evidence in support of his

outlandish claims.  He has "not nudged [his] claims across the line from conceivable to

3

plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, even "conceivable" is far on the horizon.

Also before us is Mr. Gossett's "Second Appeal of Court Clerk's Order." On May 18, 2009, Mr. Gossett filed a Motion for Order of Injunctive Relief with this court. The motion was denied. Mr. Gossett then filed a motion to reconsider, arguing that the denial of his original motion was invalid because it was signed by the Clerk of Court. He claimed that, since his complaint was filed against "The Government of the United States of America," and the Clerk is an "agent" of the government, she is a defendant in this action who must recuse herself. A previous panel of this court denied the motion for reconsideration. Mr. Gossett's latest motion largely repeats the arguments from his motion for reconsideration. It is, likewise, denied.

For the foregoing reasons, the district court's order dismissing Mr. Gossett's complaint is **AFFIRMED**. Mr. Gossett's "Second Appeal of Court Clerk's Order" is **DENIED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge