**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES E. VAN HOUTEN ,

Plaintiff-Appellant,

v.

CARRIE MARLETT, Unit Team
Manager, El Dorado Correctional
Facility, in her official and individual
capacity; DEBBIE BRATTON, Deputy
Warden, El Dorado Correctional
Facility, in her personal capacity,

Defendants-Appellees.

No. 07-3167

District of Kansas

(D.C. No. 06-CV-3308-SAC)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

James E. Van Houten, a pro se Kansas state prisoner, brought a 42 U.S.C. §
1983 complaint against two prison officials, asserting that 24-hour confinement in
a "no-contact cell" violated his constitutional rights. The district court dismissed

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Van Houten's claims for failure to demonstrate exhaustion of administrative remedies. We vacate and remand.

On April 27, 2006, Mr. Van Houten was placed into a no-contact cell, allegedly for brawling with one Mr. Harris. Mr. Van Houten was isolated until May 27, 2006. On September 27, 2006, Mr. Van Houten filed a grievance with the prison unit team, which was dismissed as untimely under Kan. Admin. Regs. § 44-15-101b.

Mr. Van Houten filed a 42 U.S.C. § 1983 claim with the district court November 8, 2006, alleging violations of the Eighth and Fourteenth Amendments. On November 30, 2006, the district court ordered Mr. Van Houten to show cause that the case should not be dismissed because his untimely grievance failed to properly exhaust administrative remedies. [R. Doc. 3 at 2] Mr. Van Houten objected to dismissal, arguing that Kan. Admin. Regs. § 44-15-101b allows one year to file grievances. The district court disagreed with Mr. Van Houten's statutory interpretation and dismissed the case for failure to state a claim for relief on April 17, 2006. [R. Doc. 6 at 1–2.] Mr. Van Houten moved to appeal this order on May 22, 2007, which the district court allowed as a good-cause extension of the normal 30-day deadline to file notice, as permitted by Rule 4(a)(5) of the Federal Rules of Appellate Procedure. [R. Doc. 10 at 1–2.]

Until January 2007, this Circuit held that exhaustion was a pleading requirement in prison lawsuits such that "a complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted). This is no longer good law, however. After the district court ordered Mr. Van Houten to prove exhaustion, but before the case was dismissed, the Supreme Court overruled this Circuit's interpretation in *Jones v. Bock*, 127 S.Ct. 910, 915 (2007). Exhaustion is now an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921.

In "rare cases" a district court can "conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). A court may raise the exhaustion question sua sponte by concluding that a complaint is unexhausted under *Bock*, but none of the district court's orders demonstrate awareness that exhaustion is no longer a pleading requirement. We must therefore vacate the district court's order dismissing Mr. Van Houten's complaint. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007).

We **VACATE** the district court's order dismissing Mr. Van Houten's complaint, and **REMAND** to the district court for further consideration in

accordance with *Jones v. Bock*. Mr. Van Houten also filed a motion to submit additional evidence, consisting of citations to judicial decisions he deems relevant to the merits of his case. The motion is **DENIED** because no such motion is necessary. Mr. Van Houten is free to cite pertinent authority if and when the district court reaches the merits of his claim.

Entered for the Court,


Michael W. McConnell
Circuit Judge