**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES E. VAN HOUTEN,

      Plaintiff-Appellant,

v.

CARRIE MARLETT,

      Defendant-Appellee.

No. 09-3009

(D.C. No. 06-CV-3308-SAC)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Plaintiff-Appellant James E. Van Houten ("Van Houten"), a Kansas state

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court prisoner appearing pro se,[1] appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. The district court dismissed this action for failure to timely exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Van Houten alleges his Eighth and Fourteenth Amendment constitutional rights were violated when Defendant-Appellee Carrie Marlett,[2] an employee of the correctional facility that housed Van Houten, placed him in 24-hour lockdown from April 27, 2006 to May 27, 2006. Van Houten filed a grievance regarding the 24-hour lockdown on September 27, 2006, four months after his lockdown ended. A response from Van Houten's unit manager stated that his grievance was untimely, pursuant to Kansas Administrative Regulation § 44-15-101b, which states that grievances "shall be filed within 15 days from the date of the discovery of the event giving rise to the grievance."

Van Houten then sought review of his grievance by the correctional facility's warden, arguing that his grievance was timely because section 44-15-101b also states: "No grievance, regardless of time of discovery, shall be filed

---

[1] As he is proceeding pro se, we have construed Van Houten's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

[2] Van Houten's case originally named an additional defendant: Debbie Bratton, the deputy warden at the correctional facility that housed Van Houten. The district court dismissed the complaint against Bratton, and Van Houten has not appealed her dismissal.

2

later than one year after the event." The warden concurred with the response of the unit manager, and then Van Houten appealed to the Secretary of Corrections. The Secretary of Corrections found that the response of the staff was appropriate.

The district court originally dismissed Van Houten's case for failure to exhaust his administrative remedies. On appeal, we vacated that order and remanded in light of Jones v. Bock, 549 U.S. 199, 212 (2007), which held that exhaustion of administrative remedies was no longer a pleading requirement, but an affirmative defense. Van Houten v. Marlett, 247 Fed. App'x 122, 2007 WL 2561319 (10th Cir. Sept. 5, 2007) (unpublished).

On remand, the district court, upon consideration of Marlett's motion to dismiss, concluded that Van Houten's grievance about the alleged offensive conduct was untimely. The district court then dismissed Van Houten's case with prejudice because he failed to exhaust his administrative remedies. Van Houten appeals this dismissal.

## II.

We review de novo the district court's finding of failure to exhaust administrative remedies. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). In reviewing a dismissal, we must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).

The Prison Litigation Reform Act requires an inmate to exhaust available administrative remedies prior to filing an action with respect to prison conditions under § 1983. 42 U.S.C. § 1997e(a). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). When a prisoner's claim has been rejected by prison authorities as untimely, that claim "should be dismissed from the plaintiff's complaint with prejudice." Kikumura v. Osagie, 461 F.3d 1269, 1290 (10th Cir. 2006), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

As a Kansas state prisoner, Van Houten had to pursue his claims as required by the governing Kansas Administrative Regulations:

> Grievances shall be filed within 15 days from the date of the discovery of the event giving rise to the grievance, excluding Saturdays, Sundays and holidays. No grievance, regardless of time of discovery, shall be filed later than one year after the event. Any grievance filed later than these deadlines may be returned to the inmate without investigation.

Kan. Admin. Regs. § 44-15-101b. Section 44-15-101b requires grievances to be filed "within 15 days from the date of discovery of the event." Van Houten's argument that the same regulation gives him one year to file his grievance is based on a mis-reading of Section 44-15-101b. Under the regulation, all grievances must be filed within 15 days of discovering the event. In the rare case

4

where an event is not discovered for more than a year after it occurred, the filing of a grievance is time-barred, even if it is filed within 15 days of discovering the event. Thus, the sentence permitting filing up to "one year after the event" is an additional limit on the filing time, not an extension.

Van Houten's complaint and its attachments show that he failed to timely exhaust his administrative remedies because he filed his grievance more than 15 days after his 24-hour lockdown ended. The district court was correct to so hold. We therefore AFFIRM the district court's dismissal with prejudice of Van Houten's complaint.

Van Houten's "Motion to Present Cooraberting [sic] Evidence," "Motion for Court Ordered Transfer," "Motion to Present," and "Motion to Weight Out Facts and Disregard Opinions from Appealing Arguements [sic]" are DENIED. Van Houten is reminded of his obligation to continue making partial payments on his filing fee until the fee has been paid in full.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5